## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                     No. CR 09-2427 JB

CATARINO SILVA-VALERIO,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of Reasonable Sentence, filed November 30, 2009 (Doc. 23). The Court held a sentencing hearing on July 8, 2010. The primary issue is whether the Court should vary from the advisory guideline range to a sentence of 18 months. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant Defendant Catarino Silva-Valerio's request for a variance. Because the Court remains concerned about Silva-Valerio's criminal history and the particular circumstances of some of his crimes, however, the Court will not vary to the degree Silva-Valerio requests.

Silva-Valerio illegally reentered the United States after a previous deportation subsequent to a felony crime of violence conviction. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Silva-Valerio on July 1, 2010. In the PSR, the USPO calculated Silva-Valerio's offense level at 21 and his criminal history category at I, establishing a guideline imprisonment range of 37 to 46 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the non-standard fast-track plea agreement,

which stipulates to an offense level of 20.  An offense level of 20 combined with a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months.   The Court has considered the USPO's guideline calculations in the PSR and adopts those calculations as its own. Silva-Valerio requests a variance to a sentence of 18 months. The Court has carefully considered the guidelines and has considered other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense.  The Court is concerned about Silva-Valerio's criminal history, but, after reviewing where he is now as a person compared to where he was fifteen years ago when he committed a violent crime, the Court believes that some variance is appropriate in these circumstances. Silva-Valerio received a 16-level enhancement for a fifteen-year-old crime-of-violence conviction. The Court believes, because of the age of the conviction, it is more appropriate to sentence Silva-Valerio as if the enhancement were a 12-level, rather than a 16-level one.  Treating the enhancement as a 12-level one would provide a guideline sentencing range of 21 to 27 months.  The Court finds that a sentence of 21 months is appropriate.  Anything lower, such as the 18 months that Silva-Valerio requests, does not adequately reflect the seriousness of reentering the United States after a previous deportation following a crime of violence.  The Court believes that a 21-month sentence adequately reflects the seriousness of the offense and promotes respect for the law.  The sentence also provides a more just punishment than the guideline sentence, because it better takes into account the age of the crime of violence, and provides adequate deterrence, because, given Silva-Valerio's current age -- forty-one -- his risk of committing another violent crime has decreased.  For such reasons, the sentence protects the public.  In sum, a sentence of 21 months

-2-

otherwise fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines.  Finally, the Court believes a sentence of 21 months of incarceration is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Catarino Silva-Valerio's request for a variance in his Sentencing Memorandum in Support of Reasonable Sentence is granted.  The Court sentences Silva-Valerio to a term of 21 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
   United States Attorney
Norman Cairns
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*


Armando Torres
Albuquerque, New Mexico

     *Attorney for the Defendant*